UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE BATTS

07 CV 10270

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) |
| Elizabeth Baldwin, | ) |
| Defendant. | ) |

**Complaint for Injunctive and Other Equitable Relief and for Civil Penalties Under the Commodity Exchange Act, as Amended, 7 U.S.C. §§ 1-25**

The U.S. Commodity Futures Trading Commission ("Commission"), by and through its attorneys, alleges as follows:



NOV 13 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## I.

### SUMMARY

1.  From at least January 2004 to the present (the "Relevant Period"), Elizabeth Baldwin ("Baldwin" or "Defendant"), doing business in her own name and in the name of an entity called the Newportant Group, fraudulently solicited and obtained more than $500,000 from investors ("pool participants") to participate in a commodity pool to trade futures contracts. Defendant misrepresented the profitability of the pool to prospective pool participants, and falsely stated that she would terminate trading if their funds lost 10% or more of their value. Defendant then distributed account statements to pool participants showing non-existent profits. Further, from July 7, 2005 to the present, Defendant has not been registered as a Commodity Pool Operator ("CPO") with the Commission.

2. Through the conduct described above, Defendant has engaged, is engaging, or is about to engage in acts and practices that violate provisions of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 1 *et seq.* Specifically, Defendant has violated Sections 4b(a)(2)(i) - (iii), 4m(1) and 4o(1)(A) and (B) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) - (iii), 6m(1) and 6o(1) (2002).

3. Unless restrained and enjoined by this Court, the Defendant is likely to continue to engage in the acts and practices alleged in this Complaint and similar acts and practices, as more fully described below.

4. Accordingly, the Commission brings this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, to enjoin the Defendant's unlawful acts and practices and to compel her compliance with the Act. In addition, the Commission seeks an *ex parte* statutory restraining order, restitution to pool participants, a civil monetary penalty, a trading ban, and such other relief as this Court may deem necessary or appropriate.

## II.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

6. Venue properly lies with the Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that Defendant transacts business in this District, and acts and

practices in violation of the Act have occurred, are occurring, or are about to occur within this District.

### III.

### THE PARTIES

7.  Plaintiff United States Commodity Futures Trading Commission is an independent federal regulatory agency charged with the responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1 *et seq.*

8.  Defendant Elizabeth Baldwin is an individual who resides in Newport, Rhode Island. Defendant was registered with the Commission as a CPO from April 20, 2004 until July 6, 2005 and has not been registered with the Commission in any capacity since July 6, 2005. Newportant Group has never been registered with the Commission in any capacity.

### IV.

### FACTS

A.  **Baldwin's Fraudulent Solicitation of Prospective Pool Participants**

9.  During the Relevant Period, Baldwin solicited and obtained more than $500,000 from pool participants and represented to them that their funds were going to be pooled for the purpose of collectively trading E-mini S&P 500 contracts, 10-year notes and 30-year bond futures contracts.

10.  Baldwin further represented to pool participants that she was to receive a percentage of the profits earned each month as compensation for her services.

11.  Baldwin represented to potential pool participants that the pool was making monthly profits and that the pool would make money in the future. These

statements were false because the pool lost money trading in all but one month during the Relevant Period.

12. Baldwin made these representations in person and in telephone conversations with prospective pool participants.

13. For example, Baldwin represented to at least one prospective pool participant that Baldwin's pool had been making monthly profits of from 3 to 10 percent. Baldwin also represented to at least one other prospective pool participant that he could expect an average profit of 10 percent each month. These statements were false.

14. Baldwin also provided pool participants with "Commodity Trading Agreements" that stated that Baldwin would terminate trading if the pool participant's funds lost 10 percent or more of their value. This statement also was false since Baldwin continued trading the funds in the pool even though her trading resulted in steady losses exceeding Baldwin's purported 10 percent threshold.

15. At various times during the course of the Relevant Period, Defendant maintained futures trading accounts at GNI, Inc. ("GNI"), Refco LLC ("Refco"), Man Financial, Inc., ("Man"), and Penson GHCO ("Penson"), all of which were or presently are registered with the Commission as futures commissions merchants (collectively, the "FCMs"). Defendant represented to pool participants that their funds were going to be deposited in segregated accounts at one of the FCMs.

16. During the Relevant Period, Defendant maintained trading accounts at the FCMs in her own name individually. No other person or entity was named on any of these individual trading accounts. Defendant's commodity pool never maintained an account at the FCMs.

17. Defendant's Man account was serviced by a Man office located in New York, New York.

**B.     Fraudulent Account Statements**

18. During the Relevant Period, Defendant provided pool participants with monthly account statements that showed that the pool was profitable each month. These statements were false because, except for July 2007, Defendant's pool lost money each month trading commodity futures contracts.

**C.     Defendant's Failure to Register as a CPO**

19. From July 7, 2005 to the present, Defendant solicited, accepted and received funds in excess of $500,000 from pool participants for the purpose of trading commodity futures contracts.

20. In documents provided to pool participants, Defendant represented that she was a CPO and that she was to receive compensation for her services based upon the profits earned in the pool.

21. Defendant did, in fact, trade commodity futures contracts through the FCMs on or subject to the rules of the New York Mercantile Exchange, the Chicago Mercantile Exchange and the Chicago Board of Trade, all of which are contract markets.

22. From July 7, 2005 to the present, Defendant was not registered with the Commission as a CPO as required by the Act and Commission Regulations.

## V.

## **VIOLATIONS OF THE COMMODITY EXCHANGE ACT**

### **COUNT ONE**

**Violations of Sections 4b(a)(2)(i) through (iii) of the Act:
Fraud in the Sale of Futures Contracts**

23.     The allegations set forth in paragraphs 1 through 22 are re-alleged and incorporated herein by reference.

24.     During the Relevant Period, the Defendant has: (1) cheated or defrauded or attempted to cheat or defraud other persons; (2) willfully made or caused to be made false reports or statements to other persons; and/or (3) willfully deceived or attempted to deceive other persons, in or in connection with orders to make, or the making of, contracts of sale of commodities for future delivery, made, or to be made, for or on behalf of any other persons, where such contracts for future delivery were or could be used for the purposes set forth in Section 4b(a) of the Act, 7 U.S.C. § 6b(a), all in violation of Sections 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) and (iii).

25.     The Defendant violated Section 4b(a)(2)(ii) of the Act, 7 U.S.C. § 6b(a)(2)(ii) by distributing false account statements to pool participants that showed non-existent profits.

26.     Each act of misrepresentation of material facts, each failure to disclose material facts, and each act of issuing false reports by the Defendant, including but not limited to those specifically alleged herein, is alleged as a separate and distinct violation of Sections 4b(a)(2)(i) - (iii) of the Act.

## COUNT TWO

### Violations of Section 4m(1) of the Act:
### Failure to Register as a Commodity Pool Operator

27. The allegations set forth in paragraphs 1 through 22 are re-alleged and incorporated herein by reference.

28. Pursuant to Section 1a(5) of the Act, 7 U.S.C. §1a(5), a CPO is "any person engaged in a business that is of the nature of an investment trust, syndicate, or similar form of enterprise, and who, in connection therewith, solicits, accepts, or receives from others, funds...for the purpose of trading in any commodity for future delivery on or subject to the rules of any contract market..."

29. From at least July 7, 2005 to the present, Defendant has used the mails or instrumentalities of interstate commerce in or in connection with her business as a CPO while failing to register with the Commission as such, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1).

## COUNT THREE

### Violations of Section 4o(1) of the Act:
### Fraud by a Commodity Pool Operator and a Principal of a Commodity Pool Operator

30. The allegations set forth in paragraphs 1 through 22 are re-alleged and incorporated herein by reference.

31. During the Relevant Period, Defendant, while acting as a CPO, employed a device, scheme or artifice to defraud pool participants, in violation of Section 4o(1)(A) of the Act, 7 U.S.C. § 6o(1)(A).

32. During the Relevant Period, Defendant, while acting as a CPO, engaged in a transaction, practice or course of business that operated as a fraud or deceit upon pool participants, in violation of Sections 4o(1) (B)of the Act, 7 U.S.C. § 6o(1) (B).

33. The Defendant violated Sections 4o(1)(A) and (B) of the Act by, among other things: (a) misrepresenting the profitability of the pool to the pool participants; (b) falsely assuring pool participants that their losses would not exceed 10% of their investment; and (c) distributing account statements to pool participants showing non-existent profits.

34. Each act of misrepresentation of material facts, each failure to disclose material facts, and each act of issuing false reports by the Defendant, including but not limited to those specifically alleged herein, is alleged as a separate and distinct violation of Sections 4o(1)(A) and (B) of the Act.

## VI.
## RELIEF REQUESTED

WHEREFORE, the Commission, respectfully requests that this Court, as authorized by Section 6c of the Act, 7 U.S.C. § 13a-1, and pursuant to its own equitable powers, enter:

    a) an order finding that the Defendant violated Sections 4b(a)(2)(i)-(iii), 4m(1), and 4o(1) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) - (iii), 6m(1) and 6o(1);

    b) an *ex parte* statutory restraining order restraining and enjoining Defendant and all persons insofar as they are acting in the capacity of Defendant's agents, servants, successors, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendant who receive actual notice of such order by personal service or otherwise, from directly or indirectly:

        1. destroying, mutilating, concealing, altering or disposing of any books and records, documents, correspondence, brochures, manuals,

       electronically stored data, tape records or other property of Defendant, wherever located, including all such records concerning Defendant's business operations;

2. refusing to permit authorized representatives of the Commission to inspect, when and as requested, any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of Defendant, wherever located, including all such records concerning Defendant's business operations; and

3. withdrawing, transferring, removing, dissipating, concealing, or disposing of, in any manner, any funds, assets, or other property, wherever situated, including but not limited to, all funds, personal property, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account held by, under the actual or constructive control, or in the name of the Defendant and/or the Newportant Group for the amounts indicated in this complaint; and directing Defendant to take such steps as are necessary to transfer possession of all assets, including but not limited to the repatriation to the territory of the United States, all assets which are held by Defendant, the Newportant Group or are under Defendant's direct or indirect control, jointly or singly, and deposit such assets with the National Futures Association ("NFA") or otherwise as the Court may order, and provide the Commission and the Court with a written description of these assets;

c) an order of preliminary injunction incorporating the provisions of the statutory restraining order and prohibiting the Defendant from engaging in conduct violative of Sections 4b(a)(2)(i) – (iii), 4m(1), and 4o(1) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) - (iii), 6m(1) and 6o(1); and directing Defendant to take such steps as are necessary to transfer possession of all assets, including but not limited to the repatriation to the territory of the United States, all assets which are held by Defendant, the Newportant Group or are under Defendant's direct or indirect control, jointly or singly, and deposit such assets with the NFA or otherwise as the Court may order, and provide the Commission and the Court with a written description of these assets;

d) an order of permanent injunction prohibiting the Defendant from engaging in conduct violative of Sections 4b(a)(2)(i)-(iii), 4m(1) and 4o(1) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) - (iii), 6m(1) and 6o(1); from trading of any commodity interest account for herself or on behalf of any other person or entity; from soliciting, receiving, or accepting any funds in connection with the purchase or sale of any commodity interest contract; from applying for registration or claiming exemption from registration

with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2007), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2007); and/or from engaging in any business activities related to commodity interest trading;

e) an order directing the Defendant to make restitution, pursuant to such procedure as the Court may order, to every customer whose funds were received by her as a result of acts and practices which constituted violations of the Act, as described herein, and interest thereon from the date of such violations;

f) an order directing the Defendant to pay a civil monetary penalty in the amount of the higher of $120,000 for each violation of the Act committed by the Defendant on or before October 23, 2004 and $130,000 for each violation of the Act committed thereafter, or triple the monetary gain to Defendant for each violation of the Act described herein, plus post judgment interest;

g) an order requiring Defendant to pay costs and fees as permitted by 28 U.S.C. §§ 1920 and 2412(a)(2); and

    h)    such other and further remedial ancillary relief as the Court may deem appropriate.

Dated: New York, NY
November 13, 2007

                              U.S. COMMODITY FUTURES
                              TRADING COMMISSION

By: _____
Stephen J. Obie
Regional Counsel/Associate Director
(646) 746-9766

Steven I. Ringer
Chief Trial Attorney

Elizabeth C. Brennan
Senior Trial Attorney

Division of Enforcement
U.S. Commodity Futures Trading Commission
Eastern Regional Office
140 Broadway, 19th Floor
New York, NY 10005
(646) 746-9747

11