ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV 10270

| | |
|---|---|
| U. S.Commodity Futures Trading Commission, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Elizabeth Baldwin | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

07 CIV _____

*Ex Parte* Statutory Restraining Order Freezing Defendant's Assets, Prohibiting Defendant from Destroying or Altering any Books, Records, or other Documents, and Barring Defendant from Denying Access to any Representative of Plaintiff, and an Order to Show Cause why a Preliminary Injunction Should not be Entered and to provide an Accounting of Assets

Plaintiff, U.S. Commodity Futures Trading Commission (the "Commission"), has filed a complaint for permanent injunction and other relief, and moved *ex parte*, pursuant to Section 6c of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §13a-1 (2001), for a statutory restraining order freezing assets, ordering foreign-held assets and documents to be transferred and repatriated to the United States, prohibiting the destruction of books, records, or other documents, and ordering Elizabeth Baldwin ("Baldwin" or the "Defendant") to show cause why a preliminary injunction should not be issued and to provide an accounting of her assets. The Court has considered the pleadings, declarations, exhibits, and memorandum filed in support of the Commission's application and now, being fully advised in the premises, finds that:

(1)     This Court has jurisdiction over the subject matter of this case, and Section 6c of the Act, 7 U.S.C. §13a-1 (2001), authorizes *ex parte* relief;

(2)     There is good cause to believe that Defendant has engaged in, is engaging in, or is about to engage in fraud and other violative conduct in violation of Sections 4b(a)(2)(C)(i)-(iii), 4m(1), and 4o(1)(A) and (B) of the Commodity Exchange Act

(the "Act"), 7 U.S.C. §§ 6b(a)(2)(C)(i)-(iii), 6o(1)(A) and (B), and 6m(1) (2003) and Section 4.20(a) and (b) of the Commission's Regulations (the "Regulations"), 17 C.F.R. § 4.20(a) and (b) (2004);

(3)     Absent the entry of this statutory restraining order, Defendant is likely to dissipate or transfer assets and destroy business records; and

(4)     This is a proper case for granting a statutory restraining order *ex parte* to preserve the status quo, protect public customers from loss and damage, and enable the Commission to fulfill its statutory duties, therefore the Court orders as follows:

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

1.     "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

2.     The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonable usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

2

## RELIEF GRANTED

### *Asset Freeze*

### I.

**IT IS HEREBY ORDERED** that Defendant, except as otherwise ordered by this Court, is restrained and enjoined from directly or indirectly:

A.    Transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets in Defendant's name, in the name of the Newportant Group and/or any assets under Defendant's control and/or under control of the Newportant Group, wherever located, including assets held outside the United States, except as provided elsewhere in this Order, or as otherwise ordered by the Court; or

B.    Opening or causing to be opened any safe deposit boxes titled in the name or subject to access by Defendant and/or the Newportant Group.

C.    Notwithstanding the provisions of this paragraph, Defendant shall take such steps as are necessary to transfer possession and/or title or interest in of all assets including, but not limited to the repatriation to the territory of the United States, all funds and assets of Defendant's and/or the Newportant Group's described herein which are held by Defendant, the Newportant Group and/or are under their direct or indirect control, jointly or singly, and deposit such funds and/or title or interest in with the Monitor, the Natural Futures Association ("NFA or Monitor"), or otherwise as the Court may order, and provide the Commission and the Court with a written description of the funds and assets so repatriated; This includes all

funds and assets (1) titled in the name individually or jointly of Defendant and/or the Newportant Group; or (2) held by a person or entity for the benefit of Defendant and/or the Newportant Group; and/or (3) under such Defendant's or Newportant Group's direct or indirect control, whether jointly or singly.

### *Identification and Preservation of Assets*

### II.

**IT IS FURTHER ORDERED,** pending further Order of this Court that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of Defendant and/or the Newportant Group and/or has held, controlled, or maintained custody of any such account or asset of Defendant and/or the Newportant Group shall:

A.    Prohibit Defendant and/or the Newportant Group and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset, except as directed by further order of the Court;

B.    Deny Defendant and/or the Newportant Group and all other persons access to any safe deposit box that is: (1) titled in the name of Defendant either individually or jointly and/or titled in the name of the Newportant Group; or (2) otherwise subject to access by Defendant and/or the Newportant Group;

C.    Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth:

(1)    the identification number of each such account or asset titled in the name, individually or jointly, of Defendant and/or the Newportant Group or held

4

on behalf of, or for the benefit of the Defendant and/or the Newportant Group, or under the control of the Defendant and/or the Newportant Group;

(2)    the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, the name of the person or entity to whom such account or other asset was remitted; and

(3)    the identification of any safe deposit box that is either titled in the name, individually or jointly, of Defendant and/or the Newportant Group, or is otherwise subject to access by Defendant and/or the Newportant Group;

D.    Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, trading records, safe deposit box logs, invoices, bill of sale, deeds and title documentation relating to such asset; and

E.    Cooperate with all reasonable requests of the Commission relating to implementation of this Order, including transferring funds and producing records related to Defendant's assets including but not limited to accounts in Defendant's name and in the name of the Newportant Group.

*Accounting of Assets*

**III.**

**IT IS FURTHER ORDERED** that within five (5) business days following the service of this Order, Defendant shall:

A.      Provide the Commission with a full accounting of all funds, documents, and assets both within and outside the United States which are (1) titled in the name individually or jointly of such Defendant and/or the Newportant Group; or (2) held by person or entity, for the benefit of Defendant and/or the Newportant Group; or (3) under such Defendant's or the Newportant Group's direct or indirect control, whether jointly or singly;

B.      Provide the Commission access to all records of accounts or assets of Defendant's and/or the Newportant Group's held by financial institutions located both within and outside the territorial United States.

*Maintenance of and Access to Business Records*

**IV.**

**IT IS FURTHER ORDERED** that Defendant, the Newportant Group and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business finances of Defendant and/or the Newportant Group.

*Commission's Access to and Inspection of Documents*

**V.**

**IT IS FURTHER ORDERED** that Defendants shall:

6

A.    Allow representatives of the Commission to inspect the books and records including but not limited to all financial and accounting records, balance sheets, income statements, bank records, client lists and title documents that relate to the business practices or business finances of Defendant and/or the Newportant Group, and other documents of Defendant, the Newportant Group and their agents including, but not limited to, paper documents, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendant, the Newportant Group or others, and to copy said documents, data and records, either on or off the premises where they may be situated;

B.    Deliver to representatives of the Commission all keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of Defendant and the Newportant Group, including but not limited to, access to the Defendant's and/or the Newportant Group's business premises, means of communication, accounts, computer systems, or other property; and

C.    Deliver to representatives of the Commission all information identifying the accounts, employees, properties, or other assets or obligations of Defendant and/or the Newportant Group.

### *Service of Order*

### VI.

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may

7

have possession, custody, or control of any documents or assets of Defendant and/or the Newportant Group or that may be subject to any provision of this Order.

### *Service on the Commission*

### VII.

**IT IS FURTHER ORDERED** that Defendant shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Elizabeth Brennan, Senior Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th Floor, New York, New York 10005.

### *Order to Show Cause*

### X.

**IT IS FURTHER ORDERED** that each Defendant shall appear before this Court on the *28th* day of *November*, 2007, at *11:00 AM*, before the Honorable *Deborah A Batts*, *24B* at the United States Courthouse for the Southern District of New York at *500 Pearl Street*, *New York*, New York, to show cause why this Court should not enter a preliminary injunction:

    A.    Enjoining Defendant from further violations of the Act;

    B.    Continuing the freeze on the assets of Defendant;

    C.    Ordering Defendant to transfer and deliver to the NFA, or otherwise as the Court may order, all funds and assets including those located in foreign countries which are (1) titled in the name individually or jointly of Defendant and/or the Newportant Group; or (2) held by a person or entity for the benefit of any

Defendant and/or the Newportant Group; or (3) under such Defendant's and/or the Newportant Group's direct or indirect control, whether jointly or singly;

D.    Ordering Defendant, the Newportant Group, financial or brokerage institutions, business entities, and others to provide all documents specified in this Order to the Commission; and

E.    Ordering any additional relief this Court deems appropriate.

F.    Should any party wish to file a memorandum of law or other papers concerning the issuance of a preliminary injunction against Defendant, such materials shall be filed, served and received by all parties at least two (2) days before the hearing date ordered above.

### *Force and Effect of Order*

### XI.

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

SO ORDERED, at _1:04 PM, N.Y._, New York on this _13th_ day of _November_, 2007 at _1:04PM_

_Deborah A. Batts_

UNITED STATES DISTRICT JUDGE

9