```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/7/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| U.S. Commodity Futures Trading Commission,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Elizabeth Baldwin,<br><br>　　　　　　Defendant. | 07 CV 10270 (DAB)<br><br>**Order for Entry of Judgment by Default, Permanent Injunction, Civil Monetary Penalty and Ancillary Equitable Relief Against Defendant Elizabeth Baldwin** |

　　　　On November 13, 2007, the Commodity Futures Trading Commission ("Commission") filed a complaint against defendant Elizabeth Baldwin ("Defendant" or "Baldwin"). In the Complaint, Baldwin was charged with fraudulently soliciting funds from investors for the purpose of trading futures contracts and issuing false account statements in violation of in violation Sections 4b(a)(2), 4o(1)(A) and (B) of the Commodity Exchange Act ("the Act"), 7 U.S.C. §§ 6b(a)(2), and 6o(1)(A) and (B) (2002); and failing to register with the Commission in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1).

　　　　On the same date the Complaint was filed, this Court issued a Statutory Restraining Order ("SRO"), which, among other things, froze Baldwin's assets, granted the Commission immediate access to all books and records related to Baldwin's business, and ordered that she provide to the Commission a full accounting of her assets and funds.

　　　　On November 19, 2007, Baldwin was properly served with the summons, Complaint and supporting papers pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

　　　　On November 27, 2007, this Court issued a consent preliminary injunction.

Baldwin has failed to file an answer to the Complaint within the time permitted by Rule 12(a)(1) of the Fed.R.Civ.P. Baldwin is not an infant, incompetent person or in the military. Accordingly, on September 18, 2008, the Clerk of this Court entered a certificate of default against Baldwin pursuant to Local Rule 55.1 and Fed. R. Civ. Pro. 55(a).

The Commission has now submitted its Application for Entry of Judgment by Default with Injunctive Relief, Civil Monetary Penalty and Ancillary Equitable Relief Against Baldwin ("Application") pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b). The Court has carefully considered the Complaint, the allegations of which are well-pleaded and hereby taken as true, the Application, and other written submissions of the Commission filed with the Court, and being fully advised, hereby:

**GRANTS** the Commission's Application against Baldwin and enters findings of fact and conclusions of law finding Baldwin liable as to all violations alleged against her in the Complaint. The Court further grants the Commission's request for injunctive relief, restitution and a civil monetary penalty. Accordingly, the Court now issues the following Order for Judgment by Default, Permanent Injunction, Ancillary Equitable Relief and Civil Monetary Penalty Against Baldwin ("Order").

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Jurisdiction and Venue

This Court has jurisdiction over the subject matter of this action and Baldwin pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

2

Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1, in that Baldwin transacted business in this district, and the acts and practices in violation of the Act and Regulations occurred within this district, among other places.

**B.     Findings of Fact**

Baldwin is an individual who resides in Newport, Rhode Island. Defendant was registered with the Commission as a Commodity Pool Operator ("CPO") from April 20, 2004 until July 6, 2005 and has not been registered with the Commission in any capacity since July 6, 2005. Baldwin did business in her own name and in the name of the Newportant Group; Newportant Group has never been registered with the Commission in any capacity

From at least January 2004 to November 2007 (the "Relevant Period"), Defendant fraudulently solicited and obtained funds from commodity pool participants ("pool participants" or "customers") to participate in a commodity pool to trade commodity futures contracts such as the E-mini S&P 500 contracts, 10-year notes and 30-year bond futures contracts.

Defendant misrepresented the profitability of the pool to prospective pool participants, and falsely stated that she would terminate trading if their funds lost 10% or more of their value. Defendant made these misrepresentations in person and in telephone conversations with prospective pool participants. For example, Defendant represented to at least one prospective pool participant that Baldwin's pool had been making monthly profits of from 3 to 10 percent. Defendant also represented to at least one other prospective pool participant that he could expect an average profit of 10 percent each month. However, Defendant's pool lost money trading in all but one month during the Relevant Period.

Further, during the Relevant Period, Defendant provided pool participants with monthly account statements that showed that the pool was profitable each month. However, except for July 2007, Defendant's pool lost money each month trading commodity futures contracts.

Defendant also represented to pool participants that their funds were going to be deposited in segregated accounts at different registered futures commission merchants ("FCMs"). However, Defendant maintained trading accounts at the FCMs in her own name individually. No other person or entity was named on any of these individual trading accounts. Defendant's commodity pool never maintained an account at the FCMs.

In documents provided to pool participants, Defendant represented that she was a CPO and that she was to receive compensation for her services based upon the profits earned in the pool. Defendant did, in fact, trade commodity futures contracts through the FCMs on or subject to the rules of the New York Mercantile Exchange, the Chicago Mercantile Exchange and the Chicago Board of Trade, all of which are contract markets. However, from July 7, 2005 to November 2007, Defendant was not registered with the Commission as a CPO as required by the Act and Commission Regulations.

By this conduct, Defendant defrauded commodity pool participants in an amount of at least eight million, forty two thousand nine hundred thirty four dollars and twenty cents ($8,042,934.20) during the Relevant Period.

## C. Conclusions of Law

### 1. Baldwin is Liable for Violations of Section 4b(a)(2) of the Act, 7 U.S.C. § 6b(a)(2)

During the relevant period, Baldwin cheated or defrauded or attempted to cheat or defraud customers or prospective customers, willfully made or caused to be made false reports or statements, and willfully deceived or attempted to deceive customers or prospective customers

4

by, among other things, knowingly: misrepresenting the profitability of the pool, falsely stating that trading would be terminated if customers lost 10% or more of the value of their funds, and causing false statements to be issued to customers that showed non-existent profits. Baldwin's conduct was in connection with orders to make, or the making of, contracts of sale of commodities for future delivery, made or to be made, for or on behalf of any other persons, and Baldwin therefore violated Sections 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) and (iii).

**2.    Baldwin is Liable for Violations of Section 4m(1) of the Act, 7 U.S.C. § 6m(1)**

From July 7, 2005 to November 2007, Defendant, acted a s a CPO and used the mails or any instrumentality of interstate commerce in connection with her business as a CPO without being registered with the Commission as a CPO in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1).

**3.    Baldwin is Liable for Violations of Sections 4o(1)(A) and (B) of the Act, 7 U.S.C. §§ 6o(1)(A) and (B)**

During the Relevant Period, Defendant, while acting as a CPO, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly employed one or more devices, schemes, or artifices to defraud pool participants or prospective pool participants, or engaged in transactions, practices or courses of business which operated as a fraud or deceit upon pool participants or prospective pool participants by misrepresenting the profitability of the pool, by falsely stating that trading would be terminated if customers lost 10% or more of the value of their funds, and by causing false statements to be issued to pool participants that showed non-existent profits in violation of Sections 4o(1)(A) and (B) of the Act, 7 U.S.C. §§ 6o(1)(A) and (B).

5

### 4. A Permanent Injunction, Civil Monetary Penalty, and Other Equitable Relief are Appropriate Remedies

Permanent injunctive relief is warranted in light of the egregious nature of Baldwin's knowing fraudulent solicitation of pool participants and her willful distribution to pool participants of false account statements over a period of just under four years. These facts demonstrate a reasonable likelihood of future violations.

Imposition of a civil monetary penalty is appropriate in this case because Baldwin's violations of the Act were intentional and directly affected the numerous victims of this fraud. Likewise, the remedy of restitution is appropriate to compensate the victims of Baldwin's wrongful acts and to deprive Baldwin of the use of ill-gotten gains.

## II. ORDER FOR RELIEF

### A. Permanent Injunction

**IT IS THEREFORE ORDERED THAT:**

1. Baldwin, in connection with any order to make, or the making of, any contract of sale of any commodity

   A. in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person, or

   B. for any person for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of Section 5a(g) of the Act, that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market,

is permanently restrained, enjoined and prohibited from directly or indirectly: cheating or defrauding or attempting to cheat or defraud the other person; willfully making or causing to be made to the other person any false report or statement or willfully entering or causing to be entered for the other person any false record; and/or willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or

6

execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for or, in the case of subparagraph (B) above, with the other person in violation of Section 4b(a)(2) of the Act, as amended by The Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, § 13102, 122 Stat. 1651 (to be codified at 7 U.S.C. § 6b(a)(2)).

2. Baldwin is further permanently restrained, enjoined and prohibited from engaging directly or indirectly in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4), ("commodity interest"), including but not limited to the following:

    A. Trading on or subject to the rules of any registered entity, at that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006);

    B. Engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

    C. Soliciting, receiving, or accepting any funds from any person in connection with the purchase or sale of any commodity interest contract;

    D. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2008), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2008);

    E. Entering into any commodity interest transactions for her own personal accounts, for any account in which she has a direct or indirect interest and/or having any commodity interests traded on her behalf; and/or

    F. Engaging in any business activities related to commodity interest trading.

3. The injunctive provisions of this Order shall be binding upon Baldwin, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Baldwin, and upon any person who receives actual notice of this Order, by personal

service, email or facsimile, insofar as he or she is acting in active concert or participation with Baldwin.

## B. Civil Monetary Penalty

**IT IS FURTHER ORDERED** that as of the date of entry of this Order, Baldwin shall pay a civil monetary penalty in the amount of $360,000 plus post-judgment interest (the "CMP Obligation"). Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

Baldwin shall pay this CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made by other than electronic funds transfer, Baldwin shall make the payment payable to the U.S. Commodity Futures Trading Commission and send to the following address:

> Commodity Futures Trading Commission
> Division of Enforcement
> Attention: Marie Bateman – AMZ-300
> DOT/FAA/MMAC
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169
> Telephone: 405-954-6569

If the payment is to be made by electronic funds transfer, Baldwin shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Baldwin shall accompany the payment of the CMP Obligation with a cover letter that identifies Baldwin and the name and docket number of this proceeding.

Baldwin shall simultaneously transmit copies of the cover letter and the form of payment to (a) the Director, Division of Enforcement, Commodity Futures Trading Commission, at Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, (b) Chief, Office of

8

Cooperative Enforcement, Division of Enforcement, at the same address, and (c) Regional Counsel, U.S. Commodity Futures Trading Commission, Eastern Regional Office, at 140 Broadway, 19th Floor, New York, NY 10005.

## C.     Restitution

**IT IS FURTHER ORDERED** that as of the date of this Order, Baldwin shall pay restitution to defrauded customers in the amount of eight million, forty two thousand nine hundred thirty four dollars and twenty cents ($8,042,934.20) plus pre-judgment and post-judgment interest (the "Restitution Obligation"). Pre-judgment interest shall accrue from January 1, 2004, to the date of entry of this Order and shall be determined by using the underpayment rate established quarterly by the Internal Revenue Service pursuant to 26 U.S.C. § 6621(a)(2). Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

To effect payment by Baldwin and the distribution of restitution, the Court appoints the National Futures Association ("NFA") as Monitor. The Monitor shall collect restitution payments from Baldwin and make distributions as set forth below. Because the Monitor is not being specially compensated for these services, and these services are outside the normal duties of the Monitor, NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

Baldwin shall make her required restitution payments under this Order in the name of "Baldwin Settlement Fund" and shall send such restitution payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's, or bank money order to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800,

9

Chicago, Illinois 60606 under cover of a letter that identifies Baldwin, the name and Docket number of this action and the name of this Court. Baldwin shall simultaneously transmit copies of the cover letter and form of payment to: (a) the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581; (b) the Chief, Office of Cooperative Enforcement, Division of Enforcement, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581; and (c) the Regional Counsel, U.S. Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th floor, New York, NY 10005.

Restitution funds shall be distributed to Defendant's customers by the NFA in accordance with a plan of recommended distribution, when approved by this Court. Such plan of recommended distribution shall be submitted to the Court by the Commission within forty-five (45) days after the date of this Order. The Monitor shall oversee the distribution of funds of Baldwin's Restitution Obligation pursuant to this Court's approved distribution plan, and shall have the discretion to defer distribution until such time as it may deem appropriate. In the event that the amount of restitution payments by the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative costs of the making a restitution distribution to participants is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for the CMP Obligation as set forth in Section II.B, above.

To the extent that any funds accrue to the U.S. Treasury as a result of the Restitution Obligation, such funds shall be transferred to the NFA for disbursement in accordance with the procedures set forth in the preceding paragraph.

### D. Application of Payments to Monetary Sanctions and Partial Payments

All payments by Baldwin pursuant to this Order shall first be applied to satisfaction of the Restitution Obligation. After satisfaction of the Restitution Obligation, payments by Baldwin pursuant to this Order shall be applied to satisfy Baldwin's CMP Obligation.

Any acceptance by the Commission and/or Monitor of partial payment of Baldwin's Restitution Obligation and/or CMP Obligation shall not be deemed a waiver of the respective requirement to make further payments pursuant to this Order, or a waiver of the Commission and/or Monitor's right to seek to compel payment of any remaining balance.

### E. Prohibition on Transfer of Funds

**IT IS FURTHER ORDERED** that Baldwin shall not transfer or cause others to transfer funds or other property to the custody, possession or control of any other person for the purpose of concealing such funds or property from the Court, the Plaintiff, the Monitor, or any officer that may be appointed by the Court.

### F. Notices

**IT IS FURTHER ORDERED** that all notices required to be given by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

| | |
|---|---|
| Notice to Commission: | Regional Counsel<br>U.S. Commodity Futures Trading Commission<br>Division of Enforcement - Eastern Regional Office<br>140 Broadway, 19th Floor<br>New York, New York 10005<br>Phone: (646) 746-9700<br>Fax: (646) 746-9740 |
| Notice to Monitor: | Office of Administration<br>National Futures Association<br>300 South Riverside Plaza, Suite 1800<br>Chicago, Illinois 60606 |

11

All such notices to the Commission and/or Monitor shall reference the name and docket number of this proceeding.

**G.      Jurisdiction**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this case to assure compliance with this Order and for all other purposes related to this action.

SO ORDERED, at _New York_, New York on this _6th_ day of _January_, 2009

_Deborah A. Batts_
UNITED STATES DISTRICT JUDGE