USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 30 Jul 09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Elizabeth Baldwin, ) <br> ) <br> Defendant. ) <br> ) | 07 CV 10270 (DAB) <br><br> ECF Case |

## [PROPOSED] ORDER APPROVING PLAN OF FINAL DISTRIBUTION

This matter came before the Court on the Motion of The Commodity Futures Trading Commission ("Commission"), Plaintiff, in the above-captioned action, filed with this Court on February 18, 2009, to Authorize a Plan of Final Distribution of Frozen Assets and For an Order Scheduling a Hearing, Approving the Form of Notice and Setting an Objections and Claims Bar Date With Respect to the Commission's Proposed Motion (the "Plan and Motion"), seeking approval of the Plan of Final Distribution (attached hereto as Exhibit 1).

This Court issued a "Scheduling Order and Notice of Hearing with Respect to the Commission's Final Plan of Distribution of Frozen Assets, Approving the Form of Notice, and Setting an Objections and Claims Bar Date with Respect to the Commission's Proposed Motion" (the "Scheduling Order") on April 21, 2009.

Adequate notice of the Motion, the hearing on the Motion and the date by which all claims had to be filed (the "Claims Bar Date") was given by mailing a copy of the Plan and Motion and notice of the hearing on the Plan and Motion, to all parties in interest known to the

Commission and/or their attorneys. Such notice is adequate and reasonable under the circumstances and no other or further notice is required or need to be sent.

On or about June 17, 2009, Mr. George C. Bitting filed an Objection to the Commission's Proposed Distribution Plan (the "Objection"); and on July 20, 2009, the Commission filed a Response to the Objection (the "Commission's Response").

A hearing on the Plan and Motion was held on July 29, 2009 (the "Approval Hearing"), to consider approval of the Plan of Final Distribution, and all interested parties were given an opportunity to be heard, present evidence and object to the Motion. Based upon the record of the Approval Hearing, the Court having reviewed the Plan and Motion, the Objection, and the Commission's Response and determined that the relief requested in the Plan and Motion is in the best interests of the parties in interest, and after due deliberation thereon, and good and sufficient cause appearing therefore:

The Court hereby FINDS that:

A. The notice of the Plan and Motion, the Claims Bar Date to object to the Plan and Motion, and the hearing on the Plan and Motion described above constitutes due, sufficient and timely notice to all persons entitled thereto. No other or further notice of the Plan and Motion, the hearing on the Motion, or the request for entry of this Approval Order, is or shall be required.

B. Pursuant to the Court's Scheduling Order, timely notice of the Claims Bar Date was given by first class mail to all parties in interest, including Elizabeth Baldwin. The form and manner of notice given of the Claims Bar Date was reasonably calculated to give all parties in interest actual or constructive notice of the Claims Bar Date.

C. The Claims Bar Date provided for in the Plan and Motion, and as set by the Court in the Scheduling Order was in the best interests of the parties in interest.

D.  A reasonable opportunity to object or be heard with respect to the Commission's Proposed Plan of Final Distribution (attached to the Commission's Plan and Motion as Exhibit A) and the relief requested therein has been afforded to all parties in interest. To the extent that any person (i) received proper notice of these matters (or is represented by a person that received such notice), and (ii) and failed to object to the Plan and Motion and the entry of this Approval Order, then such persons hereby shall have no right to file or prosecute an appeal of this Approval Order.

E.  The Newportant investors that have suffered losses as a result of Baldwin's scheme have waited a significant period of time to receive a final distribution of the assets held by the Monitor, which held the funds frozen pursuant to this Court's "Ex Parte Statutory Restraining Order Freezing Defendant's Assets, Prohibiting Defendant From Destroying or Altering any Books, Records, or other Documents, and Barring Defendant from Denying Access to any Representative of Plaintiff, and an Order to Show Cause why a Preliminary Injunction Should not be Entered and to provide an Accounting of Assets" (the "Statutory Restraining Order") dated November 13, 2007.

F.  This Court has the jurisdiction and power to approve the Plan of Final Distribution.

G.  The Monitor has due and proper authority to perform all of the obligations in the Plan of Final Distribution. No consents or approvals, other than this Approval Order, are required for the Monitor to perform all of its obligations thereunder. The consummation of the Plan of Final Distribution by the Monitor does not conflict, contravene, or cause a breach, default or violation of any law, rule, regulation, contractual obligation or organizational or formation document.

H.      Considering all of the factors before the Court, the provisions of the Plan of Final Distribution are in the best interests of the parties in interest.  The Commission and the Monitor have demonstrated good, sufficient and sound business purposes, causes and justifications for the relief requested in the Plan and Motion and the approval of the transactions contemplated thereby.

I.      The Court further fully adopts the Plan of Final Distribution.

J.      This Approval Order is "final" within the meaning of 28 U.S.C. Section 158(a)(1).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDICATED AND DECREED THAT:

1.      The Plan and Motion shall be and is hereby GRANTED in all respects, and the Plan of Final Distribution is hereby approved in all respects.  For the reasons set forth herein and on the record at the hearing on the Plan and Motion, the Objection is hereby overruled on the merits and all reservations of rights included therein are overruled on the merits.

2.      The failure specifically to include or reference any particular term or provision of the Plan of Final Distribution in this Approval Order shall not diminish or impair the effectiveness of such term and provision, it being the intent of the Court that the Plan of Final Distribution be authorized and approved in its entirety.

3.      The terms and provisions of the Plan of Final Distribution, together with the terms and provisions of this Approval Order, shall be binding in all respects upon all persons or entities, and the persons or entities who have asserted, and who might subsequently assert, claims or demands, against the Monitor and/or his agents, attorneys, other creditors, and all interested parties, administrative agencies, governmental units, federal, state and local officials

maintaining any authority with respect to the funds frozen pursuant to assets frozen pursuant to this Court's Statutory Restraining Order, and their respective successors and assigns.

4. The notice of the Claims Bar Date described above constitutes due, sufficient and timely notice to all persons entitled thereto. No other or further notice of the Claims Bar Date is or shall be required. This Court further finds that notice to an attorney for Newportant investors constitutes notice to such holder for purposes of notice of the Claims Bar Date.

5. The Claims Bar Date set by order of this Court for June 17, 2009, forty-two (42) days before the scheduled hearing on July 29, 2009, was fair and reasonable.

6. The Claims Bar Date required any party or known defrauded customer who wished to be heard with respect to the Final Plan of Distribution and/or wished to have a claim considered to file a written objection and proof of claim with this Court, with a copy of such objection and proof of claim simultaneously served upon counsel for the Commission, Elizabeth C. Brennan, U.S. Commodity Futures Trading Commission, 140 Broadway, 19th floor, New York, New York 10005.

7. Any objections and/or proofs of claim filed hereinafter will be deemed not timely filed.

8. The Monitor is hereby authorized, empowered and directed to take all necessary and appropriate acts to carry out and implement the Plan of Final Distribution in accordance with its terms without further order of the Court.

9. The Plan of Final Distribution and this Approval Order constitute valid and binding obligations of Defendant Baldwin, which shall be enforceable in accordance with the terms thereof, and shall be binding on Defendant Baldwin and all other parties in interest, as set forth in the Plan of Final Distribution.

maintaining any authority with respect to the funds frozen pursuant to assets frozen pursuant to this Court's Statutory Restraining Order, and their respective successors and assigns.

4. The notice of the Claims Bar Date described above constitutes due, sufficient and timely notice to all persons entitled thereto. No other or further notice of the Claims Bar Date is or shall be required. This Court further finds that notice to an attorney for Newportant investors constitutes notice to such holder for purposes of notice of the Claims Bar Date.

5. The Claims Bar Date set by order of this Court for June 17, 2009, forty-two (42) days before the scheduled hearing on July 29, 2009, was fair and reasonable.

6. The Claims Bar Date required any party or known defrauded customer who wished to be heard with respect to the Final Plan of Distribution and/or wished to have a claim considered to file a written objection and proof of claim with this Court, with a copy of such objection and proof of claim simultaneously served upon counsel for the Commission, Elizabeth C. Brennan, U.S. Commodity Futures Trading Commission, 140 Broadway, 19th floor, New York, New York 10005.

7. Any objections and/or proofs of claim filed hereinafter will be deemed not timely filed.

8. The Monitor is hereby authorized, empowered and directed to take all necessary and appropriate acts to carry out and implement the Plan of Final Distribution in accordance with its terms without further order of the Court.

9. The Plan of Final Distribution and this Approval Order constitute valid and binding obligations of Defendant Baldwin, which shall be enforceable in accordance with the terms thereof, and shall be binding on Defendant Baldwin and all other parties in interest, as set forth in the Plan of Final Distribution.

10. This Court shall retain jurisdiction over this case to enforce this Approval Order. Such jurisdiction shall be retained even if the case is closed, and the case may be reopened for such purpose.

11. The Plan of Final Distribution shall govern and control in the event of any conflict or inconsistency between the Plan of Final Distribution and the Approval Order.

12. This Approval Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

IT IS SO ORDERED this 30th day of July, 2009.

_____
DEBORAH A. BATTS, JUDGE
UNITED STATES DISTRICT COURT

Prepared and submitted by:

COMMODITY FUTURES TRADING COMMISSION

By: _____
Elizabeth C. Brennan
Senior Trial Attorney
Steven Ringer
Chief Trial Attorney
U.S. COMMODITY FUTURES TRADING COMMISSION
140 Broadway, 19th Floor
New York, New York 10005
(646) 746-9747
(646) 746-9940 (facsimile)
ebrennan@cftc.gov

*CFTC v. Elizabeth Baldwin*, 07 CV 10270 (DAB) U.S. District Court for the S.D.N.Y.

## Exhibit 1 - Plan of Final Distribution

| Customer Identification Number: | Restitution Owed: | Customer's Percentage of Restitution Owed: | Proposed Distribution of Frozen Funds of $111,602.62 |
|---|---|---|---|
| 1 | $ 23,000.00 | 0.29% | $319.14 |
| 2 | $ 100,000.00 | 1.24% | $1,387.59 |
| 3 | $ 100,000.00 | 1.24% | $1,387.59 |
| 4 | $ 50,000.00 | 0.62% | $693.79 |
| 5 | $ 50,000.00 | 0.62% | $693.79 |
| 6 | $ 130,000.00 | 1.62% | $1,803.86 |
| 7 | $ 160,000.00 | 1.99% | $2,220.14 |
| 8 | $ 100,000.00 | 1.24% | $1,387.59 |
| 9 | $ 4,983.00 | 0.06% | $69.14 |
| 10 | $ 675,000.00 | 8.39% | $9,366.20 |
| 11 | $ 857,500.00 | 10.66% | $11,898.55 |
| 12 | $ 200,000.00 | 2.49% | $2,775.17 |
| 13 | $ 30,000.00 | 0.37% | $416.28 |
| 14 | $ 40,000.00 | 0.50% | $555.03 |
| 15 | $ 56,092.00 | 0.70% | $778.32 |
| 16 | $ 65,000.00 | 0.81% | $901.93 |
| 17 | $ 300,000.00 | 3.73% | $4,162.76 |
| 18 | $ 250,000.00 | 3.11% | $3,468.96 |
| 19 | $ 68,000.00 | 0.85% | $943.56 |
| 20 | $ 134,627.16 | 1.67% | $1,868.07 |
| 21 | $ 50,000.00 | 0.62% | $693.79 |
| 22 | $ 50,000.00 | 0.62% | $693.79 |
| 23 | $ 63,500.00 | 0.79% | $881.12 |
| 24 | $ 100,000.00 | 1.24% | $1,387.59 |
| 25 | $ 100,000.00 | 1.24% | $1,387.59 |
| 26 | $ 20,000.00 | 0.25% | $277.52 |
| 27 | $ 56,650.00 | 0.70% | $786.07 |
| 28 | $ 135,000.00 | 1.68% | $1,873.24 |
| 29 | $ 50,000.00 | 0.62% | $693.79 |
| 30 | $ 30,000.00 | 0.37% | $416.28 |
| 31 | $ 50,000.00 | 0.62% | $693.79 |
| 32 | $ 80,000.00 | 0.99% | $1,110.07 |
| 33 | $ 338,000.00 | 4.20% | $4,690.04 |
| 34 | $ 546,000.00 | 6.79% | $7,576.22 |

*CFTC v. Elizabeth Baldwin*, 07 CV 10270 (DAB) U.S. District Court for the S.D.N.Y.

## Exhibit 1 - Plan of Final Distribution

| Customer Identification Number: | Restitution Owed: | Customer's Percentage of Restitution Owed: | Proposed Distribution of Frozen Funds of $111,602.62 |
|---|---|---|---|
| 35 | $ 50,000.00 | 0.62% | $693.79 |
| 36 | $ 100,000.00 | 1.24% | $1,387.59 |
| 37 | $ 85,000.00 | 1.06% | $1,179.45 |
| 38 | $ 150,000.00 | 1.86% | $2,081.38 |
| 39 | $ 50,000.00 | 0.62% | $693.79 |
| 40 | $ 102,169.12 | 1.27% | $1,417.68 |
| 41 | $ 90,000.00 | 1.12% | $1,248.83 |
| 42 | $ 602,791.18 | 7.49% | $8,364.25 |
| 43 | $ 146,558.67 | 1.82% | $2,033.63 |
| 44 | $ 30,000.00 | 0.37% | $416.28 |
| 45 | $ 47,000.00 | 0.58% | $652.17 |
| 46 | $ 25,000.00 | 0.31% | $346.90 |
| 47 | $ 400,000.00 | 4.97% | $5,550.34 |
| 48 | $ 135,235.00 | 1.68% | $1,876.50 |
| 49 | $ 194,728.07 | 2.42% | $2,702.02 |
| 50 | $ 71,100.00 | 0.88% | $986.57 |
| 51 | $ 100,000.00 | 1.24% | $1,387.59 |
| 52 | $ 100,000.00 | 1.24% | $1,387.59 |
| 53 | $ 500,000.00 | 6.22% | $6,937.93 |
|  | $ 8,042,934.20 | 100.00% | $111,602.62 |